UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GUADALUPE SAINZ DE CABRERA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV 13-02010-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

　　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

　　　Plaintiff raises the following issues:

　　　1.　　Whether the Administrative Law Judge ("ALJ") properly

considered Plaintiff's testimony.
(JS at 5.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

## I

## **THE ALJ DID NOT PROPERLY DEPRECIATE THE CREDIBILITY OF PLAINTIFF WITH REGARD TO SUBJECTIVE SYMPTOMS**

Plaintiff's sole issue in this case is that the ALJ failed to correctly depreciate her credibility.

The ALJ assessed numerous severe impairments, largely orthopedic, and also involving disk and joint issues. (AR 34.) He then assessed a residual functional capacity ("RFC") which enables Plaintiff to perform light work with some exertional restrictions. (AR 35.)

At the hearing, Plaintiff testified extensively regarding pain and functional limitations. This pain is in her hands and also affects her grip. (AR 57-58.) She also has shoulder pain (AR 59), and neck pain (AR 60-61). Sometimes she is able to lift her arms but other times not. (AR 62.) She further described back pain. (AR 65.) She is only able to stand in one place for 10 or 15 minutes before pain requires her to sit down and rest. (AR 66.) Her pain causes her to have limitations with certain activities of daily living, such as cleaning her house. (AR 66-67.) At home, she needs to lie down five or six times during the day because of pain. (AR 68.)

In assessing Plaintiff's subjective symptoms, the ALJ first

1  reviewed the reports of various physicians (AR 35), and then simply
2  stated that, "The updated medical evidence of record does not seem
3  consistent with the degree of limitation alleged by the claimant..."
4  (AR 36.)
5      Plaintiff asserts that the ALJ's credibility assessment, as
6  articulated in his Decision, fails to pass muster under the "clear and
7  convincing reasons" test required by <u>Bunnell v. Sullivan</u>, 947 F.2d
8  341, 345-346 (9th Cir. 1991).  Indeed, the Court finds it hard to
9  disagree with the conclusion of Plaintiff's counsel that the ALJ's
10 reasoning as to the credibility assessment starts and ends with his
11 conclusion that her testimony lacks support in the objective medical
12 evidence. (JS at 9, citing AR 35-36.)  Of course, it is well
13 established that if this is the sole articulated reason, it is legally
14 insufficient to support a depreciated credibility assessment.
15 Moreover, Plaintiff is correct that the Court cannot rely upon a <u>post
16 hoc</u> rationale, but must instead limit its review to the four corners
17 of the decision. See <u>Barbato v. Commissioner of Social Security
18 Administration</u>, 923 F.Supp. 1273, 1276 fn 2 (C.D. Cal. 1996).
19     The Commissioner asserts that Plaintiff "oversimplifies the ALJ'S
20 Decision." (JS at 16.)  Conceding that it might be viewed that the
21 ALJ's credibility determination was "not a model of clarity" (JS at
22 17),  the Commissioner still argues that it is supportable on review
23 by this Court.  But it is not a matter of a failure to recite magic
24 words that renders this Decision inadequate.  An ALJ's Decision must
25 articulate stated reasons for depreciating credibility so that they
26 can be reviewed by the Court.  In the absence of such reasons, the
27 credibility assessment cannot be found to be supported by substantial
28 evidence.

1    The ALJ's Decision might have been rescued if valid reasons had
2 been stated which are independent of the objective medical evidence.
3 There is in the Decision an extremely brief reference to the fact that
4 Plaintiff had significantly improved in her condition over time, and
5 that she has not required narcotics-based pain medication. (See JS at
6 37.)  The Court does not, however, view that this reason is
7 sufficiently articulated in the ALJ's Decision to stand as an
8 independent factor. Also, in the context of this Decision, the ALJ's
9 reference to Plaintiff's improvement with conservative treatment
10 closely relates to his reliance on the objective evidence factor;
11 e.g., it is not sufficiently independent.  The large bulk of the ALJ's
12 Decision as it pertains to credibility discusses objective medical
13 evidence and the perceived inconsistencies between that evidence and
14 Plaintiff's subjective complaints.
15    The Court will not credit the ALJ's Decision as sufficiently
16 articulating reasons based on clear and convincing evidence to
17 depreciate Plaintiff's credibility.  On remand, Plaintiff will be
18 afforded a new hearing, and her credibility will be assessed de novo.
19    For the foregoing reasons, this matter will be remanded for
20 further hearing consistent with this Memorandum Opinion.
21    **IT IS SO ORDERED.**

23 DATED: January 9, 2014               /s/
                                     VICTOR B. KENTON
24                                   UNITED STATES MAGISTRATE JUDGE

4